UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BANK OF AMERICA, N.A.,

    Plaintiff(s),

v.

ARLINGTON WEST TWILIGHT HOMEOWNERS ASSOCIATION, et al.,

    Defendant(s).

Case No.: 2:16-cv-00810-KJD-NJK

**Order**

[Docket No. 57]

Pending before the Court is the order to show cause why attorneys Scott Lachman, Diana Ebron, and Karen Kao should not be sanctioned. Docket No. 57. Responses to the order to show cause have since been filed. Docket Nos. 62-65.

This is one of hundreds—if not thousands—of cases arising out of homeowners' association foreclosure sales conducted in the aftermath of the real estate downturn a decade ago. With the exception of the party homeowners' associations, the parties and attorneys in these cases are essentially all repeat players: large banks and sophisticated investment buyers who are respectively represented by the same law firms in the many cases that are pending, along with a handful of law firms representing the numerous different homeowners' associations.[1] The Court has cautioned for years that engaging in mass litigation does not immunize litigants from complying with rules and deadlines like every other litigant is required to do; attorneys and parties

---

[1] The parties and attorneys in this case are a subset of the frequent litigants in these cases.

involved in mass litigation must undertake the preparations necessary to ensure they can properly litigate each matter notwithstanding the large volume of cases being handled. *See, e.g.*, *Wells Fargo Bank, N.A. v. SFR Invs. Pool 1, LLC*, Case No. 2:16-cv-02726-RFB-NJK, 2017 U.S. Dist. Lexis 150715, at *3 (D. Nev. Sept. 18, 2017). As Chief United States District Judge Miranda M. Du has similarly noted: "[r]egardless of how many cases involving homeowners' association foreclosure sales an attorney or law firm is handling, the attorney handling a particular case has an obligation to exercise due care and reasonable professional diligence in that particular case." *Carisbrook Asset Holding Trust v. SFR Invs. Pool 1, LLC*, Case No. 3:17-cv-00370-MMD-WGC, 2019 WL 2393614, at *3 n.2 (D. Nev. June 6, 2019). Quite simply, the overextension of counsel is not a valid excuse for violating professional duties; "it is cause for alarm." *Nationstar Mtg. LLC v. Thunder Props.*, Case No. 2:17-cv-00713-JAD-NJK, 2019 U.S. Dist. Lexis 112613, at *2 (D. Nev. July 8, 2019).

Unfortunately, the Court's sternly-worded orders, admonishments, and imposition of relatively lenient sanctions have not had the desired corrective impact with plentiful instances of missed deadlines and the type of assembly-line lawyering that leads to easily avoidable mistakes. *See, e.g.*, *Christiana Trust v. SFR Invs. Pool 1, LLC*, Case No. 2:16-cv-01603-JAD-NJK, 2019 WL 4934190, at *2-4 (D. Nev. Oct. 7, 2019); *U.S. Bank N.A. v. SFR Invs. Pool 1, LLC*, Case No. 2:17-cv-01677-JCM-NJK, 2019 WL 1244695, at *1-2 (D. Nev. Mar. 18, 2019); *U.S. Bank. N.A. v. SFR Invs. Pool 1, LLC*, Case No. 2:16-cv-00576-GMN-NJK, 2018 WL 701816, at *3-6 (D. Nev. Feb. 2, 2018). Such shortcomings do not result in mere inconvenience, they impair the Court's ability to advance that particular case and the many others pending before it.

Each attorney's performance in this case fell well below the expectations of the Court and the requirements of Rule 11, as counsel failed to undertake even a cursory inquiry into the factual representations being made to the Court. Counsel have indicated that they learned from their mistake and have taken steps to ensure there is no repetition thereof. The Court takes counsel at their word. The Court hereby **WARNS** Mr. Lachman, Ms. Ebron, and Ms. Kao that they must undertake a reasonable inquiry into the representations being made to the Court. **Failure to do so may result in the imposition of sanctions.**

In all other respects, the order to show cause is **DISCHARGED**.

IT IS SO ORDERED.

Dated: November 5, 2019

_____
Nancy J. Koppe
United States Magistrate Judge